UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LYNNE POWERS,

        Plaintiff,

vs.                      Case No.  2:09-cv-768-FtM-29DNF

SUNTRUST BANK,

        Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant Suntrust Bank's Motion to Dismiss plaintiff Lynne Powers' Complaint pursuant to Federal Rule of Civil Procedure 12(b) (Doc. #12) filed on June 7, 2010.  Plaintiff filed a Response to defendant's Motion to Dismiss (Doc. #15) on September 14, 2010.  For the reasons set forth below, the case is dismissed without prejudice.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002).  "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the

plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). See also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). The former rule — that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) — has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

## II.

The Court finds the relevant facts to be substantially as follows:

On or about October 29, 2008, defendant SunTrust Bank filed a complaint against plaintiff in the Twentieth Judicial Circuit in

and for Collier County, Florida, to foreclose a mortgage on real property. (Doc. #12, 1-2.) A default judgment was entered against plaintiff on January 22, 2009, due to plaintiff's failure to file a pleading in response to defendant's foreclosure complaint. (Id. at 2.) Thereafter, defendant moved for summary judgment, and plaintiff responded by filing an objection claiming that defendant had violated the Truth in Lending Act (TILA) and, in particular, 15 U.S.C. § 1635. (Id.) After a hearing, the state court entered final judgment in favor of defendant on June 8, 2009. (Id.)

Subsequently, plaintiff filed a "Motion for Cancellation of Sale and Summary Dismissal For Failure to Comply with Federal Law." (Id. at 2.) This motion was denied by the state court on January 5, 2010, because it was not supported by any affidavits or evidence upon which the court could rely. (Doc. #12-1, 1-4.)

Plaintiff filed her Complaint before this Court on November 24, 2009, alleging defendant's failure to comply with 15 U.S.C. § 1635 (Doc. #1). According to the Complaint, plaintiff obtained a forensic audit of her mortgage with defendant, and upon completion of such audit, she discovered violations of TILA sufficient to exercise her right to rescind under 15 U.S.C. § 1635. (Id. at 2.) Plaintiff subsequently exercised her right to rescind under 15 U.S.C. § 1635, pursuant to the associated regulation 12 C.F.R. § 226.23, and "notified Defendant to remove it's [sic] secured position as defined under the Federal Truth in Lending Act." (Id.)

Upon the defendant's failure to take the subsequent steps prescribed by 12 C.F.R. § 226.23, (id. at 2-4), plaintiff initiated the present action.

On February 2, 2010, plaintiff filed a petition under Chapter 7 of the United States Bankruptcy Code. (Doc. #12, 3.)  In the bankruptcy proceedings, plaintiff never disclosed the existence of the TILA claim upon which she seeks relief in the action currently before this Court. (Id. at 4.)

In response to the instant Complaint, defendant moved to dismiss on two grounds: *res judicata* and lack of standing. (Id. at 3-5.)  According to the defendant, plaintiff already raised the issue of defendant's compliance with 15 U.S.C. § 1635 in the prior foreclosure action in state court, and because the state court decided the issue in defendant's favor, plaintiff is now precluded by the doctrine of *res judicata* from relitigating the same issue before this Court. (Id. at 2, 5.)  Additionally, defendant argues that, due to plaintiff's filing of a Chapter 7 bankruptcy petition, only the trustee of plaintiff's bankruptcy estate has standing to bring the TILA claim. (Id. at 3-4.)  Plaintiff argues to the contrary as to each issue. (See Doc. #15.)

### III.

"In every federal case, the party bringing the suit must establish standing to prosecute the action.  'In essence the question of standing is whether the litigant is entitled to have

the court decide the merits of the dispute or of particular issues.'" Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11 (2004) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)). Under prudential standing principles, a person is generally precluded from raising another person's legal rights. Id. at 12. In this case, plaintiff was divested of her rights to the instant cause of action when it became the property of the bankruptcy estate, and therefore plaintiff lacks standing to proceed in this case.

When plaintiff filed her Chapter 7 bankruptcy petition, she automatically created a bankruptcy estate. "11 U.S.C. § 541(a) 'establishes a debtor's bankruptcy estate' as including 'all legal and equitable interests of the debtor in property as of the commencement of the case.'" Mennen v. Onkyo Corp., 248 F. App'x 112, 113 (11th Cir. 2007) (quoting Baillie Lumber co. v. Thompson, 391 F.3d 1315, 1319 (11th Cir. 2004)). "'This includes legal causes of action the debtor had against others at the commencement of the bankruptcy case.'" Id. "Furthermore, '[i]f a cause of action belongs to the estate, then the trustee has exclusive standing to assert the claim.'" Id. (quoting In re Educators Group Health Trust, 25 F.3d 1281, 1284 (5th Cir. 1994)). See also Parker v. Wendy's Int'l, Inc., 365 F.3d 1268, 1272 (11th Cir. 2004) ("Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it.").

At the commencement of plaintiff's bankruptcy case, plaintiff had already initiated the present action against the defendant by filing a Complaint alleging defendant's failure to comply with 15 U.S.C. § 1635.  (See Doc. #1; Doc. #12, 3.)  Although plaintiff claimed the real property underlying the TILA claim as exempt from the bankruptcy estate, (see Doc. #12-1, 6), the TILA claim itself was not exempted.  See In re Bruce MacNeal, No. 06-14202-BKC-JKO, 2007 WL 917255 (Bankr. S.D. Fla. 2007) (distinguishing between TILA claims and the underlying property in a Chapter 7 case).  Because the TILA claim itself was not exempted, the trustee of plaintiff's bankruptcy estate has exclusive standing to assert the present claim.  See, e.g., Mennen, 248 F. App'x at 113.  Accordingly, plaintiff lacks standing to pursue the present claim, and plaintiff's case must be dismissed without prejudice.

Because plaintiff lacks standing to bring this case, the Court need not address whether res judicata bars the claim.

Accordingly, it is now

**ORDERED**:

1.  Defendant's Motion to Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b) (Doc. #12) is **GRANTED** to the extent that the Complaint (Doc. #1) is dismissed without prejudice.

2.   The Clerk of the Court shall enter judgment accordingly, terminate all deadlines and motions as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this   4th   day of February, 2011.


_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record
Lynne Powers

Robert E. Tardif, Jr.
Bankruptcy Trustee